No. 2663

Second Circuit

HARRIS HYMAN & CO., INC., v. LOUISIANA RAILWAY & NAVIGATION CO.

(June 2, 1926, Opinion and Decree)
(June 30, 1926, Rehearing Refused)

(Syllabus by the Court.)

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 124, 125.

As a condition precedent to holding a railroad company liable for loss of or dam-

age to cotton intended to be shipped over its railroad, the cotton must be accepted for transportation by the railroad company, expressly or by implication.

Whitehurst vs. Texas & Pacific Ry. Co., 131 La. 140, 59 South. 42.

Meyer & Co. vs. V. S. & P. Ry. Co., 41 La. Ann. 639, 6 South. 218.

Elliott on Railroads, vol. 4, 3rd ed. 481.

Ruling Case Law, vol. 4, pages 688, 690, 691.

2. **Louisiana Digest—Carriers of Passengers and Goods—Par. 124, 125.**

If something required by law, custom or contract remains to be done by the shipper after goods are placed in the hands of the agent of the carrier before they can be transported, the carrier does not become liable as a common carrier for loss of or damage to the goods until they are ready for shipment.

10 Corpus Juris, 224, 225, 226.

Ruling Case Law, vol. 4, page 693.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Grant, Hon. R. C. Culpepper, Judge.

Action by Harris Hyman & Company, Inc., against Louisiana Railway & Navigation Company. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Monroe and Lemann, of New Orleans, and Holloman and White, of Alexandria, attorneys for plaintiff, appellant.

Peterman, Dear and Peterman, of Alexandria, attorneys for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by Harris Hyman & Company, Inc., against Louisiana Railway & Navigation Company to recover $1,757.35 as the value of fourteen bales of cotton burned while on a gin platform situated on defendant's spur track at Colfax, Louisiana, on September 5, 1924.

Plaintiff alleges, in paragraph V of its petition:

"That on or about September 1, 1924, plaintiff tendered to defendant, at Colfax, Grant parish, Louisiana, for shipment to itself at New Orleans, Louisiana, fourteen bales of cotton of the value of one thousand seven hundred and fifty-seven and 35-100 ($1,757.35) dollars, which cotton was accepted for transportation by defendant, and plaintiff was instructed by the freight agent of defendant at Colfax to place same on the platform of the Colfax gin, from which platform defendant had built a spur track to its main line, and from which point defendant loaded and shipped all cotton shipments originating at Colfax."

And, in paragraph VIII:

"That said loss was occasioned without any fault or negligence on the part of plaintiff, and defendant is liable to plaintiff for the value of same under its responsibility as a common carrier."

Defendant filed an exception of vagueness, which was tried and overruled by the lower court; and the correctness or incorrectness of that ruling is not urged before this court.

Defendant's answer is, in effect, a general denial.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and plaintiff has appealed.

## OPINION

The question to be decided in this case is whether or not plaintiff made such delivery of the fourteen bales of cotton in question to defendant as to make it responsible as a common carrier for the destruction of the cotton.

C. J. Green, Jr., a witness for plaintiff, testified, pages 13, 14 and 15:

"Q. Then you say that this entire shipment of sixteen bales were going to the same place?

"A. To the same man.

"Q. Same man and same place?

"A. No. I wouldn't say the same place, but I say the same man, and I don't know whether he wanted them shipped to New Orleans or Alexandria.

\* \* \*

"Q. Were you the one that secured the bill of lading for the two bales that were in the car?

"A. Yes, sir.

"Q. Why didn't you get bill of lading at that time for the other fourteen?

"A. Because he made us load them in the car before he would give us bill of lading.

"Q. In other words, the agent wouldn't give you bill of lading until the cotton was loaded in the car?

"A. No, sir.

\* \* \*

"Q. When this cotton that you bought, whether on the streets or at the gin, had been purchased, I believe you stated that after that it had to be loaded in the car?

"A. Yes, sir.

"Q. And that you had to pay something for that loading?

"A.. Yes, sir, ten cents per bale.

"Q. Was that ten cents paid by yourself or the railroad company?

"A. Paid by us.

"Q. Had you paid yet to have the fourteen bales loaded that were on the platform?

"A. They were not loaded yet.

"Q. So they were not loaded yet.

"A. They were not loaded yet, and I didn't pay for the loading until they were loaded."

From this evidence it is clear that the defendant had not received for transportation the fourteen bales of cotton that were destroyed by fire on the platform of the Farmers Gin Company at Colfax, Louisiana.

On the contrary, the defendant had established the custom not to receive cotton for transportation at the gin platform until it was actually loaded into defendant's cars; and plaintiff, a corporation engaged in buying cotton and shipping it over defendant's railway had acquiesced in this custom for more than two years and had assumed the burden of loading its cotton from the gin platform into defendant's cars at its own expense before defendant would issue bill of lading to it for the cotton so loaded; and that as to the fourteen bales that were burned plaintiff had not given shipping directions to defendant's agent. In fact plaintiff's agent at Colfax, who was charged with the duty of giving these directions, did not himself know whether the cotton was to be transported to New Orleans or Alexandria.

Under these conditions it appears to us that defendant had not received the cotton for transportation, and therefore defendant cannot be held liable as a common carrier for its loss.

The allegations of paragraph five of plaintiff's petition are not supported by evidence in the case.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.